```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

United States of America,                      CR-02-1327(CPS)

                Plaintiff,
      - against -
                                               SENTENCING
Pedro Vasquez,                                 MEMORANDUM


                Defendant.
----------------------------------------X
```

SIFTON, Senior Judge.

Pedro Vazquez ("Vazquez" or "defendant") pleaded guilty on July 25, 2003 to conspiracy to distribute and possess with intent to distribute at least 50 grams of cocaine base, at least one kilogram of heroin, at least five kilograms of cocaine, and MDMA in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Defendant has been in custody since his November 12, 2002 arrest. Now before this Court is defendant's motion, pursuant to 18 U.S.C. § 3582(c)(2), to modify his sentence. For the reasons stated below, defendant's motion is denied.

**Background**

Defendant pleaded guilty on July 25, 2003 to conspiracy to distribute and possess with intent to distribute at least 50 grams of cocaine base, at least one kilogram of heroin, at least five kilograms of cocaine, and MDMA in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Prior to sentencing, however, Vazquez objected to the finding in the Presentence Investigation Report ("PSR") that he was accountable for all the drugs distributed by

the members of conspiracy in which he was involved and argued he should be accountable only for the heroin. The government, and subsequently, the Probation Department agreed, determining that it would not have been reasonably foreseeable to Vazquez that members of the conspiracy were distributing drugs other than heroin. *See* U.S.S.G. § 1B1.3(a)(1)(B) (2003). The Probation Department issued a January 21, 2004 Addendum ("Addendum") to the PSR that reflected this determination.[1]

At defendant's January 29, 2004 sentencing, the Court adopted the factual findings and guideline application of the PSR and the Addendum, except the Court determined that defendant was eligible for a further two point reduction in his adjusted offense level based on his participation in a global plea. Thus, the Court found defendant accountable only for 5 kilograms of heroin. This quantity of heroin provided a base offense level of 34. Because defendant was accountable for the firearms possessed by other members of the conspiracy, the adjusted offense level was increased two points to 36. Thereafter, the Court reduced the offense level by seven points; two because Vasquez was eligible for the "safety valve" reduction pursuant to U.S.S.G. § 2D1.1(b)(6) (2003); three for acceptance of responsibility

---

[1] Defendant also objected to the PSR's original conclusion that defendant was not eligible for the 'safety valve' reduction, pursuant to U.S.S.G. § 2D1.1(b)(6) (2003), because he was accountable for the firearm possession of other members of the conspiracy. Again, the Probation Department agreed and, as set forth in the Addendum, reduced defendant's adjusted offense level a further two points.

pursuant to U.S.S.G. § 3E1.1(a) and (b) (2003); and two more due to the global plea adjustment. Defendant's adjusted offense level was 29, with a Criminal History Category of I, and the Court accordingly sentenced defendant to 87 months, the bottom of the guideline range.

On November 1, 2007, Amendment 706, as further amended by Amendment 711, to U.S.S.G. § 2D1.1, Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession with Intent to Commit These Offenses); Attempt or Conspiracy, took effect. Amendment 706 generally reduces by two levels the base offense levels applicable to cocaine base ("crack") offenses. On December 11, 2007, the United States Sentencing Commission (the "Sentencing Commission") voted to apply the amendment retroactively to crack offenses, effective March 3, 2008. The Sentencing Commission also promulgated amendments to Policy Statement § 1B1.10, Reduction in Term of Imprisonment as a Result of Amended Guidelines Range, which implements the retroactive application of Amendment 706, as amended by Amendment 711, effective March 3, 2008.

On January 22, 2008 defendant moved, *pro se*, for a modification of his sentence pursuant to Amendment 706, as amended by Amendment 711, pursuant to 18 U.S.C. § 3582(c)(2). On January 29, 2008, the Court issued an order for the defendant to show cause why his motion should not be denied. Defendant

responded on February 15, 2008. The government responded on March 28, 2008.[2]

## Discussion

Pursuant to 18 U.S.C. § 3582(c)(2), the Court may modify the sentence of a defendant whose term of imprisonment was based on a sentencing range that has since been lowered by the Sentencing Commission.[3] Because the Sentencing Commission voted to apply Amendment 706 retroactively, I may consider defendant's eligibility for a reduction in his sentence.

Defendant argues that because he pleaded guilty to conspiracy to distribute and possess with intent to distribute at least 50 grams of cocaine base, at least one kilogram of heroin, at least five kilograms of cocaine, and MDMA in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), he is eligible for a sentence reduction based on the amended Sentencing Guidelines. It is, however, evident that, for sentencing and Guideline purposes,

---

[2] The government's response was filed after the March 21, 2008 deadline set by this Court because the government did not receive defendant's response until it was filed via ECF on March 24, 2008.

[3] 18 U.S.C. § 3582 provides, in relevant part:

Modification of an imposed term of imprisonment. -- The court may not modify a term of imprisonment once it has been imposed except that -- in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.
18 U.S.C. § 3582(c)(2).

defendant was held accountable for only the heroin distributed by the conspiracy.  Based on the plain language of § 3582(c)(2) defendant's argument is accordingly without merit, as defendant's sentencing guideline range, 87 to 108 months, has not been reduced by the Sentencing Commission.  *See also* U.S.S.G. § 1B1.10, p.s., comment. (n.1(A)(i)) (reduction in sentence is not consistent with U.S.S.G. 1b1.10, p.s., when "none of the amendments . . . is applicable to the defendant").

## Conclusion

Since defendant's guideline range remains 87 to 108 months under the amended Sentencing Guidelines, defendant's motion for a reduction of his sentence under 18 U.S.C. § 3582(c)(2) is denied. The Clerk is directed to transmit a copy of the within to all parties and the assigned Magistrate Judge.

SO ORDERED.

Dated :   Brooklyn, New York
          April 1, 2008


          By:      /s/ Charles P. Sifton (electronically signed)
                              United States District Judge